IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JONATHAN DAY, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-22-1924 |
| KEVIN P. GUISTWITE, et al., | * | |
| Respondents. | * | |
| | * | |

***

**MEMORANDUM OPINION**

On August 2, 2022, self-represented Petitioner Jonathan Day filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] alleging that he is being denied his constitutional rights because an order issued by the Circuit Court for Prince George's

---

[1] Day titles his Petition as being filed in the alternative under 42 U.S.C. § 1983, but he has failed to pay the $402 filing fee. Nevertheless, the claim fails as a matter of law. Under the Eleventh Amendment to the United States Constitution, a state, along with its agencies and departments, are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Id. While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, to the extent Day seeks to assert a claim against the Attorney General, the "Child Support Administration" or state employees acting in their official capacities, the claim is barred by the Eleventh Amendment.

County, Maryland directs him to make child support payments through wage garnishment, maintain employment, and inform the court of any changes to his employment and residential address. (ECF Nos. 1, 1-2; see also Johnson-Williams v. Day, Case No. CAS21-12664 (Cir. Ct. for Prince George's Cnty.) at http://casesearch.courts.state.md.us/casesearch/ (last viewed Aug. 12, 2022). Specifically, he claims that the order is "void for want of jurisdiction" and "was made in violation of the Constitution." (ECF No. 1 at 5). Day seeks to have the state court order vacated and to have his payments returned. For the reasons that follow, Day's Petition must be dismissed.

Relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d). "[T]o meet the jurisdictional 'in custody' requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed." Mainali v. Virginia, 873 F.Supp.2d 748, 751 (E.D.Va. 2012). "Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254." Id.; see also Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986) (release of prisoner on charges of failure to pay child support did not render habeas petition moot because the possibility of being imprisoned again remained a possibility). Here, Day is not under an ongoing term of probation; rather, he is subject to a civil order to pay child support, and, like any other order of a court, he is subject to contempt charges for failing to comply.

To the extent Day asserts that he is somehow excused from exhausting appellate review in the Maryland courts, such an assertion is without any merit. See, e.g., Arrington

v. Dep't of Human Res., 935 A.2d 432 (Md. 2007) (appeal of sanction imposed after father was found in civil contempt); Bryant v. Howard Co. Dep't of Soc. Servs. ex rel Costley, 874 A.2d 457 (Md. 2005) (finding of civil contempt for non-payment of child support is appealable even though no sanction was imposed); Rawlings v. Rawlings, 766 A.2d 98 (Md. 2001) (appeal of finding that father was in civil contempt for non-payment of child support). When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (petitioner bears the burden of demonstrating state remedies have been exhausted). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. To the extent that the order for child support issued in Day's civil, family law case is improper, he may appeal to the Maryland Court of Special Appeals and raise any issues he has with the propriety of the order.

Further, this Court does not have jurisdiction to consider matters regarding child custody or child support payments. See Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) ("[F]ederal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters."); Raftery v. Scott, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (domestic relations exception to federal courts' jurisdiction is based on idea that the state has a stronger, more direct interest); Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982) ("[D]iversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights"). "[T]he district

courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980). Where the underlying cause of action arises solely from family relations law, the domestic relations exception applies. Id. at 1088.

To the extent Day is seeking mandamus relief in connection with a child support order, there is an additional bar to such relief. This Court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain a motion or petition. See Gurley v. Superior Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969), see also 28 U.S.C. § 1361.

Accordingly, the Petition for Writ of Habeas Corpus must be dismissed without prejudice for lack of jurisdiction. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, there is no basis for finding that this Petition states a debatably valid claim; therefore, a certificate of appealability shall be denied. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

For the foregoing reasons, the Court will dismiss the Petition. A separate Order follows.

Entered this 22nd day of August, 2022.

> /s/
> George L. Russell, III
> United States District Judge